--------------------------------------------------------------------
PROPST, District Judge, concurring specially:

I concur in Judge Cox's well-reasoned opinion. I write separately only to address the opinion in Parker v. Williams, 862 F.2d 1471 (11th Cir. 1989).

I recognize that Parker v. Williams apparently holds that Alabama counties and sheriffs are "partners" in the operation of jails. I do not agree that Alabama law provides a reasonable basis for such a holding. I respectfully suggest that sheriffs and counties have independent obligations with reference to jails. The counties' sole responsibilities, under Alabama law, relate to the jail facilities.

I find no Alabama law which gives counties any authority to run or operate jails. Under Alabama law, the sole authority for "running" or operating jails and hiring jailors is placed with sheriffs. In my opinion, the mere fact that counties provide jail facilities and funds for salaries, etc. does not make them "partners" of the sheriff in the operation of jails.[1] Counties have no more "control" over the "running" or operation of jails than they have over law enforcement by the sheriffs. Sheriffs also "hire and train" law enforcement officers with county funds. My full reasoning is addressed in Turquitt v. Jefferson County, __ F.Supp. ___, (N.D. Ala. Jan. 19, 1996).

----

[1]"Partnerships" generally involve agreements to share profits and losses. I assume that the term "partner" in Parker was used in some analogous sense. To the extent that payment of expenses and hiring and training of officers with county funds arguably makes the county a "partner," it would appear to be equally applicable to law enforcement activities.